UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                           :

LYNNE BUKSHA,                       :
                           :
            Plaintiff,         :
                           :        06 Civ. 5363 (GEL) (DFE)
     -against-              :
                           :        **OPINION AND ORDER**

NEW YORK CITY DEP'T OF CORRECTIONS,  :
                           :
           Defendant.      :
                           :
-------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In her complaint in this case, plaintiff Lynne Buksha alleges discrimination on the basis

of race, color and disability and unlawful retaliation in connection with her former employment

as a corrections officer.  Defendant New York City Department of Corrections ("DOC") moves

for judgment on the pleadings, arguing that the complaint is time-barred.  The motion will be

granted.

      Buksha's complaint alleges that on June 4, 1993, she was assaulted by a fellow

corrections officer, who accompanied the assault with a racial slur.  She complains that a

supervisor ignored the incident, and threatened her with firing if she reported it.  When she did

write a report on the incident, the fellow officer received only a verbal reprimand.  When Buksha

returned to work, she alleges, she was "treated differently," including being transferred to a new

facility, despite a serious injury.  (Compl. ¶ 8.)

      Buksha filed a charge of discrimination with the EEOC regarding this incident, and

associated retaliatory conduct allegedly occurring from June through September 1993, on June

28, 1994. (Mot. Ex. E.)[1]  For reasons not clear from the record, the case remained pending before the agency for a long time, but on April 26, 2003, the EEOC closed the case and notified Buksha of her right to sue.  The right-to-sue letter specifically advised plaintiff that any lawsuit "must be filed WITHIN 90 DAYS of your receipt of this notice."  (Mot. Ex. F.)

As the notice advised, claims of employment discrimination under the Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act must be filed within 90 days of the claimant's receipt of a right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1); Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 76 n.1 (2d Cir. 2003).  Failure to bring a suit within that limitations period bars the claim.  Rasmussen v. Sigma Corp., 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998).  Since Buksha received a right-to-sue letter in 2003, and did not bring this action until 2006, she failed to bring suit within the limitations period, and her complaint must be dismissed.

Plaintiff's response to defendant's motion pointing out this flaw is difficult to understand. Although she asserts in conclusory fashion that she "filed all claims within the boundary of the statute of limitations" (P. Reply at 6), she does not dispute the dates of the issuance of the right-to-sue letter and of the filing of the complaint, which decisively refute this claim.  She does not claim that she did not receive the right-to-sue notice, nor does she assert any reason for her failure to file suit more promptly.[2]

---

[1] The EEOC charge alleged discrimination on the basis of race and color, but, unlike the complaint in this case, it did not mention disability discrimination.

[2] Plaintiff also asserts that her "[c]omplaint should not be bar[r]ed based on attorney's ta[m]pering with EEOC . . . Evidence.  Respondent possession of two none identified right to sue documents deems Consideration.  One document located in Attorney's file is without plaintiff address.  The One sent to plaintiff by EEOC has plaintiff address."  (P. Reply at 5; ellipsis in

Buksha did write to the EEOC in 2006, not long before filing this lawsuit, enclosing a sworn statement that she had not received copies of right-to-sue letters in connection with two other charges she had filed with the EEOC, and requesting reissuance of the letters.  (Mot. Ex. I.) The letter specifically references, by case number, two matters entirely distinct from the incident that forms the basis of the present complaint.  One of these charges, filed on or about June 21, 1994 (a week before the EEOC charge regarding the incident alleged in the present complaint), refers to an episode in May 1994 (nearly a year after the incident at issue here) in which plaintiff claims she was denied an accommodation based on disability, and charges discrimination based on sex, disability, national origin and race.  A right-to-sue letter was issued on November 7, 1995, in connection with this charge.  (Mot. Ex. D.)  On February 21, 1995, plaintiff filed a charge alleging sex and disability discrimination in connection with a work assignment made in July 1994.  A right-to-sue letter in that matter was issued on February 25, 1997.  (Mot. Ex. H.) After plaintiff wrote the EEOC, replacement copies of the letters were issued by the EEOC on or about February 27, 2006.  (Mot. Ex. J.)

These replacement letters are irrelevant to this lawsuit, however.  They do not relate to the incident that is the subject of the complaint, but to entirely different acts of alleged discrimination, based on different characteristics, growing out of specific incidents in no way related to the incident at issue here.  Nor can the episode that is the subject of the instant

---

original.)  This alleged "tampering" appears to relate to documents attached to plaintiff's response to the motion.  However, the presence of absence of plaintiff's address on certain copies of right-to-sue letters, which appear to be a conscious redaction of the address by someone in connection with this litigation, has no bearing on any issue in the case.  In any event, those letters are not the letter on which defendant bases its motion, but are copies of right-to-sue letters in two other matters, discussed below.  Any "tampering" with these documents would thus not be relevant to the instant matter.

complaint be considered to be "reasonably related" to the charges filed in either of the cases for which new right-to-sue letters were filed.  The conduct at issue here – failure to impose discipline for a co-worker assault with an associated racial slur – would not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination based on improper sexual advances by a supervisor not involved in the assault matter, or based on denial of a disability accommodation, both of which incidents are alleged to have occurred approximately a year after the alleged assault.  Smith v. American President Lines, Ltd., 571 F.2d 102, 108 (2d Cir. 1978) ("The scope of the judicial complaint in a Title VII action has generally been construed to be limited not to the words of the charge but to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."); Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003).  Nor are these incidents alleged, either in the EEOC charges, or in the complaint, or in plaintiff's motion papers, to have occurred in retaliation for plaintiff's earlier complaint; nor are they "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Terry, 336 F.3d at 151.  The charges plaintiff seeks to bring in this complaint thus cannot be deemed "reasonably related" to the subject matter of the charges that resulted in the 2006 reissued right-to-sue letters.

Finally, it should be noted that in her response to the motion, plaintiff appears to make a variety of other claims, including some related to the subject matters of the 2006 reissued right to sue letter, other unrelated claims of excessive force at Riker's Island, and references to a variety of potential torts and bases of jurisdiction.  None of these theories, allegations or causes of action are referred to in plaintiff's complaint.  It is not appropriate for the Court to consider allegations

made for the first time in response to defendant's motion.  McAllister v. New York City Police Dept., 49 F. Supp. 2d 688, 697-98 (S.D.N.Y. 1999).  Even giving full weight to the Court's obligation to treat pro se litigants' pleadings with extreme generosity, and construing plaintiff's response liberally as an application for leave to amend her complaint, the Court finds the allegations in plaintiff's reply too vague to address.  To the extent that any of the allegations relate to the episodes at issue in the reissued right-to-sue letters, they are time-barred; the reply papers were filed more than 90 days after even the reissued right-to-sue letters were received, and as they concern entirely different subject matter (including apparent claims for relief against defendants not named in the original complaint and never served in this action, see P. Reply at 4-5), they cannot be deemed to relate back to the filing of the original complaint in this matter.  Fed. R. Civ. P. 15(c).  And the statute of limitations is long past for asserting other causes of action based on events occurring in 1993 and 1994.

Accordingly, defendant's motion for judgment on the pleadings is granted.


SO ORDERED.

Dated: New York, New York
        October 5, 2007

                                              GERARD E. LYNCH
                                              United States District Judge